UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DARNELL BROWN #501833,

      Plaintiff,

v.

DARIEN ADAMS,

      Defendant
_____/

Case No. 1:25-cv-00821

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff state prisoner Darnell Brown filed a civil complaint alleging that he was falsely arrested and imprisoned by Police Officers Adams, Robinson, Bates, Barnett, and Hales. (ECF No. 1.) Plaintiff's civil complaint was filed on July 23, 2025, but is post-marked two days earlier, on July 21, 2025. (*Id.*, PageID.5.) Plaintiff alleges that he was arrested for assault for punching a woman in the face 5-7 times. (*Id.*, PageID.1.) Brown explains that in preparation for his preliminary examination, he watched an officer's body cam video, and "right away . . . realized that the officers made up the entire statement from the victim." (*Id.*, PageID.2.) Although Brown says that the charges were dismissed, he states that he was charged with a probation violation and, at the time he wrote his complaint, he had been incarcerated for 41 days in the Muskegon County jail. (*Id.*, PageID.3.) Brown indicated that he had a Court date on July 21, 2025, and that he believed he would be released.

1

It appears that Brown was, instead, sentenced that day and transferred to the custody of the Michigan Department of Corrections (MDOC). According to the MDOC's Offender Tracking Information System (OTIS), Brown was sentenced 2 to 10 years for domestic violence on July 21, 2025.[1] He is currently incarcerated in the Charles Egeler Reception and Guidance Center in Jackson, Michigan as a Security Level II prisoner.

Brown requests compensatory damages and punitive damages. (*Id.*)

Brown was granted *in forma pauperis* status on September 2, 2025. (ECF No. 6.)

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when

---

[1] https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=501833.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III.   Analysis**

Brown's complaint is unclear. It appears that he is asking the Court to interfere with his state court criminal proceeding. However, Brown has been convicted and sentenced for domestic assault. Brown is currently incarcerated in a Michigan Department of Corrections Prison. Plaintiff says that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights by arresting him and charging him with criminal violations.

To the extent that Plaintiff is challenging his conviction or sentence, such a challenge must first be made by exhausting all state court appeals and then filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by

a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff challenges the fact or duration of incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

To the extent Plaintiff now seeks declaratory and monetary relief for alleged violations of his rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). Brown's § 1983 claim appears to be a challenge to his conviction for domestic violence or assault and he has failed to demonstrate that his conviction was overturned.

Plaintiff's assertion that his Eighth Amendment rights were violated and he was defamed by the Defendants are conclusory allegations unsupported with any factual allegations. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp.*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft*, 556 U.S. at 678. "The

4

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff sets forth no facts which could support either his Eighth Amendment or Defamation claims.

## IV.  Recommendation

Accordingly, it is respectfully recommended that the Court dismiss the complaint for failure to state a claim on which relief may be granted.

Dated:  September 5, 2025                                  /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).