UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARNELL BROWN, #501833,<br>      Plaintiff,<br><br>-v-<br><br>DARIEN ADAMS,<br>      Defendant. | No. 1:25-cv-821<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Darnell Brown, proceeding without the assistance of counsel, filed a complaint alleging violations of his civil rights.  He requested leave to proceed without prepaying the filing fee, which the court granted.  The Magistrate Judge then reviewed the complaint and issued a report recommending the court dismiss this lawsuit (ECF No. 7).  Plaintiff filed objections (ECF No. 8).  The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge offers some context.  Plaintiff filed the complaint around July 21, 2025.  In the complaint, Plaintiff explained that officers arrested him for assaulting a

woman. Plaintiff contends the assault charges were dismissed and he was charged instead with a probation violation. The Magistrate Judge noted that Michigan's Offender Tracking Information System shows that Plaintiff was sentenced to 2 to 10 years for domestic violence on July 21, 2025. Plaintiff does not object to this summary.

The Magistrate Judge identifies several barriers that prevent Plaintiff from bringing his civil rights claims.

First, Plaintiff must exhaust his state appellate remedies before challenging his conviction and sentence in the federal courts. In his objection, Plaintiff insists he is not challenging the sentence for his probation violation. As explained below, Plaintiff is wrong; he is functionally challenging validity of his conviction.

Second, Plaintiff cannot obtain declaratory or monetary relief for alleged civil rights violations until his conviction or sentence is overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff does not specifically address this portion of the report and recommendation.

Third, Plaintiff fails to state an Eighth Amendment claim. Plaintiff does not object to this conclusion.

In both the complaint and his objection, Plaintiff contends that alleged victim denied being assaulted and denied being involved in an altercation. He contends her denials are captured on body camera footage. Plaintiff's allegations address whether the officers had probable cause to arrest Plaintiff. But until Plaintiff's convictions are overturned, *Heck* prevents this court from providing Plaintiff any relief for a potential violation of the Fourth Amendment due to lack of probable cause. *See, Martin v. Girard*, 215 F.3d 1327, 2000 WL

658326, at *2 (6th Cir. May 12, 2000) (unpublished table opinion) ("A finding of a Fourth Amendment violation concerning the Martins' arrests would necessarily imply the invalidity of their convictions; thus, their unlawful arrest claims are not cognizable under § 1983 because their convictions have not been reversed, expunged, or invalidated by any court.") (citing *Heck*, 512 U.S. at 486-87 and *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995)).

Accordingly, the court **ADOPTS** the Report and Recommendation (ECF No. 7) and **DISMISSES** this lawsuit.  **IT IS SO ORDERED.**

Date:  October 3, 2025                                                  /s/  Paul L. Maloney
                                                                                        Paul L. Maloney
                                                                                        United States District Judge